Jos. B. McMean, *et als.*, *v.* Wm. Little, Adm'r, etc.

BILLS AND NOTES. *Negotiable paper. Demand and Notice. When excused.*
One of two drawers of a bill was also the acceptor, but the proof showed that the two were not partners, and no presentment for payment was made at maturity or notice given, but that the money loaned as consideration for the bill was probably received by the drawer;

*Held*, The facts do not make a case excusing demand and notice, and the latter's estate is not liable for the claim.

Cases cited: Harwood *v.* Jarvis, Trabue & Co., 5 Sneed, 375.

Authorities cited: Parsons on Bills and Notes, 353-6, 532; Story on Bills, 369.

FROM BEDFORD.

Appeal from the Chancery Court.

Record cannot be found.

McFARLAND, J., delivered the opinion of the Court.

Jos. B. McMean, *et als., v.* Wm. Little, Adm'r, etc.

This litigation began by a bill by a creditor upon behalf of himself and others, to administer the estate of Benjamin Little, deceased, in the Chancery Court at Shelbyville, under the insolvent laws. R. B. Davidson, as the· administrator of the estate of Jefferson Wilkinson, deceased, filed his petition to be made a party, and setting up a claim against the estate. The, administrator of Little's estate resisted the claim upon two grounds: 1st. That the claim was barred by the Statute of two years, or three years if the creditor be a non-resident, in favor of personal representatives. 2d. That Little's estate is not shown to be liable for the demand.

The Chancellor rejected the claim upon the first ground, and Davidson has appealed.

We will consider the question whether a legal liability is established against the estate of Benjamin Little.

The foundation of the claim is the following bill:
" $11,000 00.

GREENVILLE, MISS., Nov. 19, 1859.

Twelve months after date pay to the order of Jefferson Wilkinson eleven thousand dollars, value received, and charge to the account of

MONTGOMERY LITTLE.

BENJAMIN LITTLE.

To Montgomery Little, New Orleans, La.

No. 48.

Accepted.                              M. LITTLE."

It is admitted that no presentment or demand was

made at maturity, or notice given. It is not denied that ordinarily this would be necessary in order to charge Benjamin Little. The question is, has sufficient excuse been made for this want of demand and notice? The first ground is, that Montgomery and Benjamin Little were partners in the entire transaction, and that as Montgomery Little is acceptor, as well as drawer, and therefore liable without demand or notice, Benjamin Little, being his partner, is likewise liable. This presents a question of fact, upon which two witnesses were examined. Mrs. Shelby, the widow of Wilkinson, says that Montgomery and Benjamin Little were at the time acting in partnership, but the defendant, Wm. Little, a brother of the parties proves very clearly that they were not partners; his knowledge upon the subject is shown to be superior to that of Mrs. Shelby, and the *onus* on this question being upon the creditor, it is very clear that he has failed to make out the allegations.

The next ground is, that this bill was accepted by Montgomery Little for the accommodation of Benjamin Little. This fact, if established, would not be sufficient alone to excuse presentment for payment and notice.

We do not deem it necessary to discuss at length the various questions that arise upon this branch of the law, upon some of which the decided cases are in conflict. A few general principles, which may be regarded as settled, will be sufficient for this case.

Ordinarily, to charge parties secondarily liable upon a bill, demand for payment must be made of the party

primarily liable, and notice given. When a bill is regularly drawn and accepted, the acceptor is bound as an original promisor, is the party primarily liable, and the other parties only bound to pay if acceptor fails to do so upon proper demand and notice. 1 Parsons on Bills and Notes, 353–356. This is the rule where nothing else appears. But the holder may prove facts which will excuse demand and notice. If facts be proven which show that the parties secondarily liable could not have been injured by want of notice, this will be sufficient excuse.

If, in a case like the present, it should appear that the acceptor accepted for the accommodation of the drawer, and that the drawer had no funds in the hands of the acceptor to meet the bill, or reasonable expectation of funds, or that the bill would be met, then the drawer would not be injured by a want of demand and notice of these facts. See the general subject discussed, 1 Parsons on Notes and Bills, 532, *et .seq.;* Story on Bills, 369.

The English judges regret that any exception was ever made to the rule requiring strict demand and notice, and declare that these exceptions should not be extended. See also the reasoning in the case of *Harwood* v. *Jarvis, Trabue & Co.*, 5 Sneed, 375. The only fact we have in proof in the present case tending to excuse demand is, that the money loaned by Wilkinson as consideration for the bill was probably received by Benjamin Little, that is, Wilkinson, at the time, gave his check upon his bankers for $10,000, payable to Benjamin

Jos. B. McMean, *et als.*, *v.* Wm. Little, Adm'r, etc.

Little, and the same was paid to his endorsee; but whether Montgomery Little accepted merely for accommodation, or on account of funds then in his hands, or afterwards and in due time supplied by the drawers, does not appear. In the absence of proof, the law presumes the latter, and also that the drawee may have suffered the loss of these funds for want of notice; at all events, the proof falls far short of making a case, excusing demand and notice. Upon this ground the decree of the Chancellor must be affirmed with costs, without noticing the Statute of limitations, as to which we express no opinion.

The Chancellor rendered a decree against the defendant, Wm. Little, as administrator of Montgomery Little, he being also administrator of his estate; but we do not see that the present suit involves anything more than the estate of Benjamin Little.